**HENG ZHU WU, Ai Ting Xie, Ying Xue Xie, Petitioners,**

v.

**DEPARTMENT OF HOMELAND SECURITY, through Michael B. MUKASEY, United States Attorney Gener-**

al,* Respondent.

Nos. 05–6273–ag, 05–6274–ag.

United States Court of Appeals,
Second Circuit.

Feb. 4, 2008.

Ramesh K. Shrestha, New York, NY, for Petitioners.

Susan D. Baird, Assistant United States Attorney for the Southern District of New York, New York, NY, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. PETER W. HALL, Circuit Judges.

* Attorney General Michael B. Mukasey is substituted for former Attorney General Alberto R. Gonzales pursuant to Fed. R.App. P. 43(c)(2).

**82**

### SUMMARY ORDER

Petitioner Heng Zhu Wu, a native and citizen of the People's Republic of China, seeks review of the October 24, 2005 order of the BIA affirming the June 29, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Wu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Heng Zhu Wu*, No. A78 700 471 (B.I.A. Oct. 24, 2005), *aff'g* Nos. A78 700 471, A78 700 472, A78 700 473 (Immig. Ct. N.Y. City June 29, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ The Government moved to remand this case based on this Court's decision in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006). In that case, we remanded to the BIA for consideration of documents purporting to show that foreign-born children would be counted in determining violations of the one-child policy in Fujian Province. *See id.* at 115. Here, Wu has alleged that she and her husband are from Fujian Province and that they have four children, two of whom were born in the United States. She argues that because they have violated the one-child policy by having four children, either she or her husband will be sterilized if they are forced to return to China.

For the following reasons, we deny the Government's motion to remand to the BIA. First, upon remand in the *Shou Yung Guo* case, the BIA determined that the documents at issue did not establish that there was a policy of counting foreign-born children to determine violations of the one-child policy in Fujian Province.[1] *In re S–Y–G*, 24 I. & N. Dec. 247, 258–59

(B.I.A.2007). Thus there is no need for the BIA to reassess Wu's claims based on that decision. Second, our recent decision in *Xiao Xing Ni v. Gonzales*, 494 F.3d 260 (2d Cir.2007), instructs that we may not remand to the BIA to consider additional evidence not already in the administrative record of the case before us, *id.* at 262; here, it is undisputed that the *Shou Yung Guo* documents are not part of the record. Therefore, under *Xiao Xing Ni*, we lack the power to grant the government's motion to remand under these circumstances. *See* 494 F.3d at 269 (concluding that the exercise of this Court's "inherent power" to remand to the agency for additional factfinding is not warranted where (1) the basis for the remand is to consider evidence outside the administrative record; and (2) agency regulations set forth procedures to reopen the case before the BIA to consider additional evidence).

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination, *e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

---

1. Moreover, a recent BIA decision concluded that the most likely sanctions for Chinese citizens who had two or more children outside China would be economic penalties not rising to the level of persecution. *See In re J–W–S–*, 24 I. & N. Dec. 185, 191 (B.I.A.2007).

■ Substantial evidence supports the IJ's adverse credibility determination. The IJ accurately noted that Wu and her husband testified that their second child was born in Wu's aunt's home but that the birth certificate indicated that the child was born in a Fuqing City hospital. Although Wu explained that her midwife was able to obtain the certificate and argues here that there was no investigation into whether the certificate was false, the IJ was not required to credit Wu's explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (reasoning that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). Similarly, the IJ accurately noted an inconsistency between Wu's initial testimony that she gave birth to her first child "secretly" and her written application and testimony on cross-examination in which she claimed that she gave birth to this child at Fuqing City Hospital. The IJ appropriately rejected Wu's explanation at the hearing that by "secretly" she meant that she had afterwards sent the child to her mother's house. *See id.* Because these inconsistencies involved the crux of Wu's claim that she was persecuted on account of violating the family planning policy, they substantiated the IJ's adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003) (emphasizing that inconsistencies must be significant in order to provide an adequate basis for an adverse credibility finding).

Further, in finding Wu not credible, the IJ reasonably relied on Wu's medical records, which indicated that she did not have an abortion. Although Wu submitted an affidavit explaining that the medical records were incorrect, the IJ appropriately discredited that explanation. *See Majidi,* 430 F.3d at 80–81. Moreover, the IJ reasonably found that Wu's abortion certifi-cate did not merit "much weight" given that the inconsistency between Wu's testimony and the birth certificate, regarding where she gave birth to her second child, suggested that the birth certificate was false. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) (explaining that, having found one document false, the IJ was free to deem suspect other documents and testimony that depended for probative weight on the applicant's veracity).

Because the only evidence of a threat to Wu's life or freedom with respect to her forcible abortion claim depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

■ Finally, because Wu has failed sufficiently to argue her illegal departure claim before this Court, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the Government's motion to remand is DENIED and Wu's petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.